## The People of the State of Illinois for use of Lou Stucker, Appellee, v. Lacey Kirby, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Saline county; the Hon. C. D. STILWELL, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Proceedings by the People of the State of Illinois for the use of Lou Stucker, plaintiff, against Lacey Kirby, defendant, charging defendant with being the father of plaintiff's bastard child. From a judgment for plaintiff, defendant appeals.

A witness, Durfee, called by defendant testified that he had had intercourse with plaintiff, the first occasion being about the middle of May, 1914, some five or six

days subsequent to the day on which the prosecuting witness testified that she had intercourse with defendant. He was asked as to other alleged acts of intercourse with said witness, to which questions objections were made by plaintiff and were sustained by the court. The record shows that the objection to these questions was sustained for the reason that the questions did not limit the time to the period of gestation. Later in the trial the court permitted a full examination of this witness as to other acts of intercourse with plaintiff had at any time during the months of May and June. The child was born on the 29th day of January, 1915. The 29th of June, 1914, would be just seven months preceding the birth of the child. There was nothing in the evidence to show that this child was not a fully developed child.

The court gave the following instructions:

"In passing on the weight and credit to be given to the prosecuting witness, you should take into consideration, so far as the same is shown by the evidence, her condition immediately before and at the time of the act of intercourse which caused conception in this case, and if you believe, from all such facts and circumstances, that the bastard child was begotten by the defendant, at the time, as testified to by the complaining witness, then you should so find by your verdict.

"This case is a prosecution by the People of the State of Illinois, and the complaining witness, Miss Stucker, is not a party to the suit, and in considering her evidence in the case you should pass upon the same in the light of the law, as given to you by the Court, and the parties who have a direct and material interest in the case.

"You are instructed by the Court that by law the defendant is a competent witness in his own behalf, still in passing upon his evidence you have a right to take into consideration his interest in the result of the suit, his demeanor while on the stand, his conduct at the trial, so far as the same is disclosed by the evidence, and if from all the evidence and circumstances

in the case you believe from a greater weight thereof that he is the father of the child in question, then you should so find by your verdict.

"If the jury believe that the prosecuting witness was mistaken as to the day that the alleged intercourse occurred, yet if you believe from the greater weight of the evidence that the defendant is the father of the child, then you should find the defendant guilty."

H. N. FINNEY and LEWIS, RONALDS & LEWIS, for appellant.

SAM THOMPSON, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. BASTARDS, § 12*—*when County Court of county in which defendant served has jurisdiction.* The County Court of the county in which a defendant in bastardy proceedings is found and served with process has jurisdiction of such proceedings under Rev. St. ch. 17, sec. 1 (J. & A. ¶ 703).

2. BASTARDS, § 64*—*when exclusion of evidence harmless error.* In bastardy proceedings where a witness for the defendant testified that he had had intercourse with prosecuting witness five or six days subsequent to the day on which the prosecuting witness testified that she had intercourse with defendant and eight and one-half months before the birth of the child, *held* that the exclusion of evidence as to subsequent intercourse with defendant was not prejudicial error where the court subsequently allowed the witness to testify as to intercourse during the following six weeks, it appearing that there was no evidence that the child was not fully developed.

3. BASTARDS, § 64*—*when instruction not prejudicially misleading.* In bastardy proceedings, an instruction to the jury that in considering the weight to be given to the testimony of the prosecuting witness they should take into consideration, so far as the same was shown by the evidence, her condition immediately before and at the time of the act of intercourse, which caused the conception; and if the jury believed from all such facts and circumstances

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the bastard child was begotten by defendant at the time testified to by the prosecuting witness, then they should so find in their verdict, *held* not prejudicially misleading.

4. BASTARDS, § 64*—*when instruction that prosecuting witness not party not prejudicially erroneous.* An instruction in bastardy proceedings that the prosecuting witness was not a party to the suit, *held* not reversibly erroneous.

5. BASTARDS, § 6*—*when prosecuting witness party to proceedings.* The prosecuting witness in bastardy proceedings is a party to such proceedings.

6. BASTARDS, § 34*—*when instruction on credibility of defendant as witness not erroneous.* In bastardy proceedings, an instruction that, in determining the weight to be given to the testimony of defendant, the jury should take into consideration his interest in the result of the suit, his demeanor while on the stand and his conduct at the trial so far as the same was disclosed by the evidence, *held* not erroneous.

7. BASTARDS, § 64*—*when instruction not prejudicially erroneous.* In bastardy proceedings, an instruction that if the jury believed that the prosecuting witness was mistaken as to the day that the alleged intercourse occurred, yet if they believed from the greater weight of evidence that the defendant was the father of the child, then they should find for the defendant, *held* not prejudicially erroneous although the prosecuting witness may have been mistaken as to the day, as the exact day is unimportant.

8. BASTARDS, § 19*—*when prosecuting witness need not show exact day of intercourse with defendant.* In bastardy proceedings it is not necessary that the prosecuting witness show the exact day of intercourse with defendant, from which conception is alleged to have resulted.

9. BASTARDS, § 22*—*what degree of proof required to establish case.* The prosecuting witness in bastardy proceedings cannot be required to establish her case by a "clear" preponderance of evidence, a preponderance being sufficient.

10. BASTARDS, § 62*—*when verdict not disturbed as against weight of evidence.* In bastardy proceedings where the evidence is conflicting, the verdict of the jury will not be disturbed as against the weight of evidence where no serious errors in the rulings of the court have intervened.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.